Argued June 15; affirmed July 7, 1943

## PEARSON *v.* PEARSON
### (139 P. (2d) 564)

Before BAILEY, Chief Justice, and KELLY, LUSK and BRAND, Associate Justices.

*Roy Harland,* of Salem, for appellant.

*Charles H. Heltzel,* of Salem (John A. Heltzel, of Salem, on the brief) for respondent.

LUSK, J. This is a suit for divorce. Plaintiff was granted a decree and defendant has appealed. There are no children of the marriage and no property rights involved.

The parties were married September 14, 1937, each of them being then 53 years of age. Plaintiff has two grown sons by a former marriage, and the defendant was likewise formerly married. Until their separation

in the spring of 1941 they lived together on a small farm near Salem owned by the plaintiff.

The defendant is a farm laborer and wood cutter, and the plaintiff appears to be an industrious woman who worked during the summers on another farm because, as she testified, she liked to work, and in order to get money to make needed improvements on her own place.

Their difficulties began within a few months after the marriage. If the plaintiff told the truth in her testimony, the defendant then assumed the role, which continued until their separation, of an unpleasant lodger in the house rather than that of a husband and helpmate. According to her he was sullen, discourteous and uncommunicative, and unwilling at times to render even the smallest service that a wife might expect of her husband. One incident which she related will illustrate his attitude. Her younger son was home on furlough from the Army, and, while there, his foot became infected and the doctor advised an operation. She asked her husband to take her son to the barracks in his car, but he refused, saying "No, put him on the train and let him go."

She also testified that on one occasion she tried to get her husband to leave, and he said: "I will get up and leave if you will give me a hunk of this place."

We deem it unnecessary to go further into the details of her testimony. Most of it was denied by the defendant, who laid their troubles at the door of the elder son, who lived at home part of the time. A continuous course of conduct on the part of a husband, such as the plaintiff described, over a period of years, would amount in its cumulative effect to cruel and inhuman treatment within the meaning of our statute,

and would certainly render life burdensome to the wife. The circuit judge believed the plaintiff, and we are not disposed to disturb his judgment as to the veracity of the parties. The allegations of the defendant's answer to the effect that the plaintiff was not a dutiful wife are not supported by the evidence.

After a careful examination of the testimony and the contentions of counsel, we are of the opinion that the decree should be affirmed, and it is so ordered.